# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CARL ANDERSON, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) No. 2:15-cv-02480-JPM-tmp<br>) No. 2:06-cr-20131-JPM-1 |
| D.R. STEPHENS, | )<br>)<br>) |
| Respondent. | )<br>) |

## ORDER DENYING PETITION UNDER § 2241
## AND ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Before the Court is the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition") filed by Movant, Carl Anderson, Bureau of Prisons register number 21034-076, who is currently incarcerated at the Federal Correctional Institution in Memphis, Tennessee. (§ 2241 Pet., *Anderson v. Stephens*, No. 2:15-cv-02480-JPM-tmp (W.D. Tenn.), ECF No. 1.) For the reasons stated below, the Court DENIES the § 2241 Petition.

## I. PROCEDURAL HISTORY

### A. Criminal Case Number 06-20131

On April 19, 2006, a federal grand jury in this district returned a two-count indictment charging Anderson, a convicted felon, with possession of a firearm in and affecting interstate commerce on or about October 22, 2005, in violation of 18 U.S.C. § 922(g). (Indictment, *United States v. Anderson*, No. 2:06-cr-20131-JPM-1 (W.D. Tenn. July 11, 2007), ECF No. 1.) The circumstances surrounding Defendant's arrest are set forth in the Presentence Investigation Report:

5. On October 22, 2005, officers with the Memphis Police Department observed an individual, later identified as **Carl Anthony Anderson**, driving a 1995 Nissan Altima 60 MPH in a 40 MPH zone. The officers stopped the vehicle. While talking to **Anderson**, an officer noticed that **Anderson** kept reaching toward the floorboard of the vehicle near his left side. The officer then observed a stock of a shotgun in that area. **Anderson** was detained, and the shotgun, which had one live shell in the chamber, was recovered. **Anderson** stated to the officers that he passed a 10 mm Glock pistol to Mario Travelle, a passenger in the vehicle. The pistol was found under the front passenger seat and was loaded with one hollow-point #3 round.

6. A check revealed that **Anderson** did not have a handgun permit and that he was a convicted felon. Subsequent to his arrest, **Anderson** admitted that he owned the Glock pistol. He stated that he got it "off the street" and that he was trying to sell it.

7. Travelle was also taken into custody. He indicated that **Anderson** was carrying the firearms.

8. **Anderson's** firearms were described as a Glock pistol, Model 29, 10 mm, serial number CKS924US, and a Harrington & Richardson shotgun, 12 gauge, serial number AU616966. According to a special agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, the firearms were not manufactured in Tennessee, and, therefore, at some point traveled in interstate and/or foreign commerce.

(Presentence Investigation Report, *United States v. Anderson*, No. 2:06-cr-20131-JPM-1 (W.D. Tenn. July 11, 2007.)

Defense counsel filed a motion to suppress on August 29, 2006 (Mot. to Suppress, *id.*, ECF No. 20), and the Government responded in opposition on September 18, 2006 (Resp. in Opp'n, *id.*, ECF No. 21). United States District Judge Jon Phipps McCalla held a hearing on the motion to suppress and denied the motion on October 20, 2006. (Min. Entry, *id.*, ECF No. 24.)

A jury trial commenced on March 7, 2007, and, on March 9, 2007, the jury returned a guilty verdict on Count 1 of the indictment. (Jury Verdict, *id.*, ECF No. 44.) The jury was unable to reach a unanimous verdict on Count 2 of the indictment, and the Court declared a mistrial as to Count 2. (Order on Jury Verdict, *id.*, ECF No. 46.) The Government filed a

motion to dismiss Count 2 of the Indictment on March 29, 2007 (Mot. to Dismiss, *id.*, ECF No. 47), and the Court issued an order granting the motion the same day (Order, *id.*, ECF No. 48). The Court conducted a sentencing hearing on July 11, 2007, at which Anderson was sentenced to a term of imprisonment of two hundred thirty-five (235) months imprisonment followed by a three-year period of supervised release. (Min. Entry, *id.*, ECF No. 54.)[1] Judgment was entered on July 11, 2007. (Judgment, *id.*, ECF No. 55.) The United States Court of Appeals for the Sixth Circuit affirmed. (Order, *id.*, ECF No. 66.)

### B. Case Number 08-2765

On October 31, 2008, Anderson filed a motion to vacate his conviction under 28 U.S.C. § 2255, alleging that the district court imposed an improper sentence and that his trial counsel was ineffective. (Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), *Anderson v. United States of America*, No. 08-2765-JPM-cgc (W.D. Tenn. March 13, 2012).) Anderson contended that:

    1.    6 criminal history points were added for burglary of a building in error and should be removed;

    2.    The 3 charges of burglary of a building should have been theft, not burglary of a building;

    3.    He should not have been charged as an armed career criminal; and

    4.    His trial counsel was ineffective.

---

[1] Pursuant to U.S.S.G. § 2K2.1(a)(4)(A), the base offense level for unlawful receipt, possession or transportation of firearms is twenty if the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense. The Court assessed an enhancement because Anderson was an armed career criminal, pursuant to U.S.S.G. § 4B1.4(b)(3)(B), resulting in a total offense level of 33. Given his criminal history category of VI, the guidelines provided a sentencing range of 235-293 months. Anderson was sentenced to the guideline minimum of 235 months.

(§ 2255 Mot., *id.*, ECF No. 1.) The Court ordered the United States to respond by October 27, 2009. (Order, *id.*, ECF No. 3.) The Court denied Anderson's motion to vacate for lack of substantive merit as to his ineffective assistance of counsel claim and found the other issues presented in his motion inappropriate for a § 2255 motion. (Order, *id.*, ECF No. 6.)

### C. Case Number 15-2480

Anderson filed his § 2241 Petition on July 21, 2015. (§ 2241 Pet., *Anderson v. Stephens*, No. 15-2480-JPM-tmp (W.D. Tenn.), ECF No. 1.) In this petition, Anderson contends that the district court violated his right to due process when it relied on non-qualifying offenses to enhance his sentence under the Armed Career Criminal Act ("ACCA") in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (§ 2241 Pet., *id.*, ECF No. 1.)

## II. LEGAL STANDARD AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified, *inter alia*, at 28 U.S.C. § 2244 *et seq.*), amended 28 U.S.C. §§ 2244(b) and 2255 to limit a defendant to his direct appeal and one collateral attack, filed within one-year of the time conviction is final. This provision strengthened the existing provisions limiting federal prisoners to one collateral attack on a conviction. In order to file a second or successive § 2255 motion, a prisoner must obtain authorization from the Sixth Circuit Court of Appeals as required by 28 U.S.C. §§ 2244(b)(3) and 2255(h). These reforms were intended to protect the finality attached to federal criminal judgments.

In an effort to evade and circumvent the gatekeeping provisions in 28 U.S.C. §§ 2244(b)(3) and 2255(h), Petitioner seeks to characterize this case as a habeas petition under § 2241. The only reason for this characterization, however, is the need to avoid the limitations

imposed by AEDPA. This case seeks to attack the validity of Petitioner's original sentence and is in reality a motion under § 2255. A series of unpublished opinions has relied on *Gray-Bey v. United States*, 209 F.3d 986, 990 (7th Cir. 2000), to conclude that § 2255 motions that are disguised as § 2241 petitions should not be transferred but dismissed.[2]

Generally, habeas corpus is available if "the issues raised more accurately challenged the execution of the sentence than its imposition." *Wright v. United States Bd. of Parole*, 557 F.2d 74, 78 (6th Cir. 1977). On the other hand, "[s]ection 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence." *Id.* at 77; *cf. United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant Jalili is challenging the manner in which the sentence was being executed, rather than the validity of the sentence itself, Section 2255 does not apply."). *Wright* and *Jalili* indicate, however, that true attacks on the "execution" of a sentence relate to BOP decisions affecting the duration of the sentence and that such attacks accept, as a matter of course, the validity of the original underlying conviction and sentence.

Federal prisoners seeking collateral relief from a conviction or sentence must seek relief through a motion to vacate under 28 U.S.C. § 2255. *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999); *In re Hanserd*, 123 F.3d 922, 933 (6th Cir. 1997). Anderson's petition does not challenge the execution of his sentence, but attacks its imposition.

Habeas corpus would be available, however, if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The fifth paragraph of § 2255, known as the "savings clause," provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be

---
[2] *See, e.g.*, *In re Walker*, No. 00-5262, 2000 WL 1517155 (6th Cir. Aug. 4, 2000).

entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). This "savings clause" operates as an additional exception to the successive motion limits of AEDPA and permits review by a habeas petition in an even more narrow category of cases. The petitioner bears the burden of demonstrating that the savings clause applies. *Charles*, 180 F.3d at 756.

The Sixth Circuit has construed the savings clause narrowly:

Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate.

*Charles*, 180 F.3d at 756 (citations omitted); *see also Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988) ("A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits.").

After the decision in *Charles*, the Sixth Circuit reemphasized the narrow scope of the savings clause:

The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. As we explained in *Charles*, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

*United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (citations omitted) (quoting *Charles*, 180 F.3d at 758)).[3]

---

[3]*See also Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999) (the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' That does not mean that he took the shot, or even that he or his

"The only claim that [the Sixth Circuit] has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case . . . ." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003); *see Reminsky v. United States*, 523 F. App'x 327, 328 (6th Cir. 2013) (per curiam) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under § 2255."); *see also Peterman*, 249 F.3d at 462 ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence."); *Charles*, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."). "A petitioner must show factual innocence, not mere legal insufficiency, to raise such a claim." *Gesuale v. Sanders*, 63 F. App'x 875, 876 (6th Cir. May 14, 2003); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998). Additionally, a petitioner must show that he is actually innocent of the underlying offenses, not merely that he is innocent of his sentence. *See Reminsky*, 523 F. App'x at 329 ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (per curiam) (holding that the savings clause of § 2255 does not apply to a petitioner claiming "actual innocence of the career offender enhancement").

---

attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed." (citation omitted) (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998))).

Anderson is not entitled to relief in this § 2241 petition for two reasons. First, the claims asserted in this petition challenge the imposition of the prisoner's sentence, rather than the execution of his sentence, making it inappropriate for a § 2241 petition. Second, Anderson has no valid argument that he is actually innocent of the offense for which he is currently serving time; he instead claims that he was improperly sentenced. The Sixth Circuit has consistently held that the savings clause of § 2255 does not apply to sentencing claims. *See, e.g.*, *Reminsky*, 523 F. App'x at 329. Accordingly, § 2241 is not the proper vehicle for obtaining the relief sought.

Because Anderson is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for Respondent to show cause need not issue. The petition is DENIED and DISMISSED.

## III.   APPEAL ISSUES

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063 (6th Cir. 1997), *abrogated in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997); *Ojo v. I.N.S.*, 106 F.3d 680, 681-82 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed *in forma pauperis* and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether these requirements apply to § 2241 cases. *Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions. *See McIntosh*, 115 F.3d at 810 n.1; *United States v. Simmonds*, 111 F.3d 737, 743 (10th Cir. 1997), *overruled on other grounds by United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. *Graham v. United States Parole Com'n*, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), *aff'g Graham v. United States*, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of *McIntosh* persuasive, and because the Court finds that this conclusion naturally follows from the Sixth Circuit's decision in *Kincade*, the Court concludes that the PLRA does not apply to § 2241 petitions.

Pursuant to *Kincade*, a petitioner must seek leave to proceed *in forma pauperis* from the district court under Fed. R. App. P. 24(a)(1), which provides:

> [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint does not warrant service on the respondent, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this petition also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. Rule App. P. 24(a), that any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal *in forma pauperis*.[1]

IT IS SO ORDERED this 26th day of October, 2015.

/s/ Jon Phipps McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

---

[1] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.